1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 JEROME J. CHAMBERS,                    )
                                          )
11            Plaintiff(s),               )          No. C 05-2765 TEH (PR)
                                          )
12       v.                               )          ORDER OF SERVICE
                                          )
13 RUTH FLAMENT, et al.,                  )
                                          )
14            Defendant(s).               )
   _____    )

15

16          Plaintiff, a prisoner at the San Mateo County Jail, has filed a pro se civil

17 rights complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 alleging deliberate

18 indifference to his serious medical needs and medical malpractice/

19 negligence.  Plaintiff specifically alleges that nurses Betty and Ruth Ann Flament,

20 and medical manager Rebecca Anderson Potts, denied and/or delayed him medical

21 care and treatment, and that their actions and/or omissions were pursuant to a

22 county and sheriff's policy, custom and practice designed to limit inmate medical

23 care in order to minimize medical costs.

24                                **DISCUSSION**

25 A.      Standard of Review

26          Federal courts must engage in a preliminary screening of cases in which

27 prisoners seek redress from a governmental entity or officer or employee of a

28 governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted,"

or "seeks monetary relief from a defendant who is immune from such relief." Id. §

1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v.

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

elements: (1) that a right secured by the Constitution or laws of the United States

was violated, and (2) that the alleged violation was committed by a person acting

under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.　　　Legal Claims

　　　　Deliberate indifference to serious medical needs violates the Eighth

Amendment's proscription against cruel and unusual punishment.  See Estelle v.

Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th

Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104

F.3d 1133, 1136 (9th Cir. 1997) (en banc).[1]  Liberally construed, plaintiff's

allegations of delay and denial of medical care and treatment state a cognizable

claim for deliberate indifference to serious medical needs under § 1983 and for

violation of state tort law under § 1367 against the named defendants, and

accordingly will be served.

　　　　Plaintiff's additional allegations that he slipped and fell in the shower due to

a lack of shower matts amount to no more than a claim for negligence and are

dismissed without prejudice to raising in state court.  See Farmer v. Brennan, 511

U.S. 825, 835-36 & n.4 (1994).

_____

　　　　[1]Although pretrial detainees' medical claims arise under the Due Process
Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.
See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment
guarantees provide minimum standard of care for pretrial detainees).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants – nurses Betty and Ruth Flament, medical manager Rebecca Anderson Potts, sheriff Don Horsley and the County of San Mateo.  The clerk also shall serve a copy of this order on plaintiff.

2.    In order to expedite the resolution of this case, the court orders as follows:

a.    No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine

3

issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct

4

discovery.

       4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

       5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:   12/21/05

                    THELTON E. HENDERSON
                    United States District Judge